IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 2:12-cr-00011-FL-1
No. 2:14-cv-00029-FL

**Kenneth Cadwell McClees**,

          Petitioner

v.

**United States of America**,

          Respondent.

**Memorandum & Recommendation**

Petitioner Kenneth Cadwell McClees, proceeding under 28 U.S.C. § 2255, seeks to vacate ("Motion to Vacate") the 180 month sentence of imprisonment imposed in connection with his guilty plea to (1) conspiracy to distribute and possession with intent to distribute 280 grams or more of cocaine base (crack) and a quantity of cocaine and (2) possession of a firearm in furtherance of a drug trafficking crime. D.E. 34. McClees argues that he is entitled to relief on three grounds: (1) his sentence violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013) because the aggregate amount of cocaine in his indictment and plea was an improper judicial finding of fact that increased his mandatory minimum sentence; (2) the district court violated *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) in the calculation of his criminal history score; and (3) his counsel rendered ineffective assistance in failing to object to the use of the aggregate amount of cocaine in determining his sentence. The Government asks the court to dismiss McClees's motion under Rules 12(b)(6) of the Federal Rules of Civil Procedure because (1) it is untimely; (2) equitable tolling does not apply; (3) he voluntarily waived his right to collateral attack on all

but his claim of ineffective assistance of counsel; and (4) his substantive arguments are meritless. D.E. 39.

After reviewing the docket and the arguments of the parties, the undersigned determines that McClees is not entitled to the relief he seeks because it is untimely, all but his ineffective assistance of counsel claims are waived, and his arguments lack merit. Therefore, the undersigned recommends[1] that that the court deny McClees's Motion to Vacate (D.E. 34) and grant the Government's Motion to Dismiss (D.E. 39).

**I.     Background**

In October 2012, McClees entered a guilty plea to conspiracy to distribute and possession with intent to distribute 280 grams or more of cocaine base (crack) and a quantity of cocaine, ("Count I"), and to possession of a firearm in furtherance of a drug trafficking crime, ("Count V"). D.E. 24. In exchange for his agreement to plead guilty to Counts I and V, the Government agreed to dismiss four other charges contained in the Indictment. D.E 1; D.E. 24. As a part of the plea agreement, McClees agreed, *inter alia*, to:

> waive knowingly and expressly all rights … to appeal whatever sentence is imposed … reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

D.E. 24 at ¶ 2(c).

On March 7, 2013, the court sentenced McClees to 180 month imprisonment. D.E. 32. McClees did not appeal his conviction or sentence. His conviction became final on March 21,

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

2013.[2] On June 4, 2014, McClees filed his Motion to Vacate (D.E. 34) to which the Government responded by filing a Motion to Dismiss (D.E. 38).

**II.     Analysis**

    **A.     Standard of Review for 28 U.S.C. § 2255 Motions**

In order to prevail on his Motion to Vacate, McClees must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law.  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion.  *Id.* § 2255(b).  However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence.  *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions.  Rules Governing § 2255 Proceedings, Rule 12.  Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A

---

[2] The Government states that the judgment was entered on March 11, 2013. D.E. 41 at 2. However, the judgment reflects that it was both signed and filed on March 7, 2013. D.E. 32. The descriptive docket entry accompanying the judgment is dated March 11, 2013. While the four-day difference is of no consequence to the present matter, the filing date controls.

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

**B.  Timeliness of McClees's Motion**

The Government argues that the Motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules because he has failed to state a claim upon which relief may be granted. Specifically, the Government contends that McClees filed his motion outside the one-year statute of limitations governing § 2255 claims. D.E. 39 at 3–4. Ordinarily, a court will not address an affirmative defense such as the statute of limitations when resolving a 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, it may do so if all of the

4

facts necessary to rule on the affirmative defense "clearly appear on the face of the complaint." *Id.* In this case, the Motion to Vacate contains sufficient information to establish that McClees's Motion was not filed in a timely manner.

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations unless "[the] untimely petition may be salvaged by equitable tolling principles." *United States v. Ricks,* Nos. 1:11-cr-105, 1:12-cv-747, 2013 WL 1790145, at *2 (E.D. Va. Apr. 25, 2013) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). The limitations period runs from the latest of four possible dates:

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not file a direct appeal, McClees's judgment became final when his time to appeal expired on March 21, 2013. *See* Fed. R. Civ. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). Accordingly, to be considered timely, McClees's Motion to Vacate needed to be filed on or

5

before March 21, 2014. However, he did not file his Motion to Vacate until June 4, 2014, which means that the statute of limitations bars his claim for relief.

Nonetheless, McClees argues that his Motion to Vacate is timely under § 2255(f)(3) which, as noted above, provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). McClees argues that the holding in *Alleyne* retroactively applies to his case, making his motion timely under 28 U.S.C. § 2255(f)(3). D.E. 34-1 at 3–7. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. *Alleyne*, 133 S. Ct. 2151. However, because the Supreme Court has not found that *Alleyne* applies retroactively to cases on collateral review, the decision has no bearing on the present matter. *See United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013); *Vaughn v. United States*, Nos. 7:11-cr-85-D, 7:14-cv-38-D, 2015 WL 164760, at *4 (E.D.N.C. Jan. 13, 2015). Thus, *Alleyne* does not extend McClees's statute of limitations under 28 U.S.C. § 2255(f)(3).

McClees also asserts that the Fourth Circuit's holding in *Davis* and the Supreme Court's order in *United States v. Mubdi*, 133 S. Ct. 2851 (2013) (Mem.) make his motion timely under 28 U.S.C. § 2255(f)(3). D.E. 34 at 11. Section 2255(f)(3) only applies to Supreme Court decisions. Inasmuch as the Fourth Circuit decided *Davis*, its holding is irrelevant for statute of limitations purposes under § 2255(f)(3). *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002). In *Mubdi*, the Supreme Court granted certiorari, vacated the Fourth Circuit's opinion, and remanded the case to the Court of Appeals for reconsideration in light of *Alleyne*. *Mubdi*, 133 S. Ct. 2851.

*Mubdi* did not establish a new right that can be made retroactively applicable to this case. Therefore, neither *Mubdi* nor *Davis* extends the statute of limitations. McClees's motion is untimely and it should be dismissed.

### C. Appeal Waiver

The Government asserts that McClees's present motion is barred by the appeal waiver contained in his plea agreement. McClees contends that the appeal waiver does not preclude his claims because his plea was not knowing and voluntary. Based on the statements made at his arraignment, McClees's argument is unpersuasive.

A defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Typically, a petitioner will raise one of two arguments when confronted with the argument that his claims are barred by a waiver contained in a plea agreement: (1) the waiver was not entered into knowingly and voluntarily; or (2) the issues raised in the petition fall do not within the scope of the waiver. *Id.* at 220 & n.2. Resolving disputes over the validity and scope of a § 2255 waiver typically requires the court to examine the terms of the plea agreement between the parties, transcripts from the petitioner's plea hearing and sentencing, and the nature of the claims advanced in support of the petitioner's claim for relief. The court will begin by determining whether McClees knowingly and voluntarily waived his right to collaterally attack his sentence and, if that question is resolved against him, determine whether his claims are encompassed in the terms of the waiver.

The audio recording of the arraignment establishes that McClees knowingly and voluntarily waived his right to collaterally attack his sentence. At the arraignment, McClees confirmed that he discussed his case with his attorney and that he was satisfied with his

7

attorney's advice and counsel. Arraignment Hr'g, Oct. 9, 2012 at 9:48:45–9:48:56. McClees affirmed that he heard the court's explanation of his rights, including how he might be sentenced. *Id.* at 9:48:55–9:49:10. McClees also stated that he understood the charges against him and the statutory maximum penalty for each count of the indictment. *Id.* at 9:48:05–09; 9:49:35–9:52:38.

Further, McClees specifically acknowledged that, before signing the plea agreement, he thoroughly read it with his attorney, he understood its terms, language, and meaning, and it represented his entire agreement with the Government. *Id.* at 9:53:30–9:54:04. McClees stated that no one promised him anything to induce him to plead guilty to Counts I and V that were not contained within the plea agreement. *Id.* at 9:54:05–9:54:16. By pleading guilty to Counts I and V, McClees acknowledged that he was aware that he would waive various, valuable civil rights. *Id.* at 9:54:17–9:54:36.

McClees stated that he answered all questions from the court truthfully and that he did not need any more time to consider his plea or to discuss his case with his attorney. *Id.* at 9:53:44–9:55:10. He entered a guilty plea to Counts I and V and affirmed that he was guilty of the facts establishing these charges. *Id.* at 9:55:11–9:56:50. The court determined that the McClees was fully competent and capable of entering an informed plea, that his guilty plea was knowingly and voluntarily made, and that it was supported by an independent factual basis containing each of the essential elements of the charges. *Id.* at 9:59:20–10:00:05.

McClees's dissatisfaction with the sentence ultimately imposed—one that is eight months below the 188 month minimum imprisonment recommended by the Sentencing Guidelines—does not provide grounds to overcome the valid waiver of appeal contained in the plea agreement. *See*, *e.g.*, *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005) ("It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."). McClees's

8

Case 2:12-cr-00011-FL   Document 54   Filed 10/16/15   Page 8 of 15

sworn statements affirmed his understanding of all terms of the plea agreement, including the appeal waiver, loss of other civil rights, and the minimum and maximum sentencing possibilities.

It is indisputable that McClees's plea agreement, which he signed, contained a provision regarding waiver of his right to collaterally attack his sentence. D.E. 24. Specifically, McClees agreed to give up "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255…." *Id.* Because McClees waived his right to challenge the sentence on collateral appeal knowingly and voluntarily, only claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" McClees at the time of his plea were spared from this blanket waiver. *Id.* Therefore, all of McClees's claims other than his ineffective assistance claims are barred by the plea waiver and should be dismissed.

**D.  Sixth Amendment Claims under *Alleyne***

Assuming McClees has an argument under *Alleyne* that is not waived or untimely, his argument fails on the merits. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. *Alleyne*, 133 S. Ct. 2151. According to McClees, the "finding" that he was in possession of 280 grams or more of cocaine, rather than multiple possessions of individual amounts ranging from 13.1 grams to 112 grams, inappropriately increased his sentence. D.E. 34-1 at 6.

The statutory minimum sentence for possession of 280 grams or more of cocaine or cocaine base is ten years. 21 U.S.C. § 841(b)(1)(A). For amounts between 28 grams and 279 grams, however, the mandatory minimum sentence is five years. *Id.* § 841(b)(1)(B). McClees asserts that only the highest single instance of possession should count towards the statutory

9

minimum. By using the aggregate figure of 280 grams of cocaine and cocaine base, he argues that the court found a fact that increased the mandatory minimum sentence and violated his Sixth Amendment rights under *Alleyne*. D.E. 34-1 at 3-7.

McClees highlights *Mubdi* as the way in which his case should be decided. D.E. 34-1 at 6. On its face, *Mubdi* looks nearly identical to this case: the defendant entered a conditional guilty plea to conspiracy to distribute and possess with intent to distribute a quantity of cocaine and at least 50 grams of cocaine base in violation of 21 U.S.C. § 846, as well as possession of a firearm in furtherance of a drug trafficking crime. *United States v. Mubdi*, F. App'x 75, 76 (4th Cir. 2013) (per curiam). The presentence report found the defendant to have been in possession of 290.5 grams of crack cocaine, which increased his mandatory minimum sentence from ten to twenty years. *Id.* Arguing under *Alleyne*, the defendant asserted that this was an additional finding of fact that increased his minimum sentence, and was therefore a violation of his Sixth Amendment rights. *Id.* The Fourth Circuit Court of Appeals agreed and remanded for resentencing in accordance with *Alleyne*. *Id.* at 77.

Despite the factual and argumentative similarities, his claim fails under *Alleyne* and *Mubdi* because there was no judicial finding of any fact to which McClees had not already admitted. *See United States v. Booker*, 543 U.S. 220, 232 (2005) (explaining that the right to jury findings is implicated when a judge seeks to impose a sentence that is not based on facts admitted by the defendant). In *Mubdi*, the presentence report cited an amount of 290.5 grams of crack cocaine, which was a far larger quantity that corresponded to a different statutory sentencing range than the 50 grams to which the defendant pled guilty. *Mubdi*, 539 F. App'x at 76. There was no such finding here.

10

McClees accurately notes that he did not admit to possessing 280 grams or more of crack cocaine at any one time. However, Count I of his Indictment and his plea agreement specifically mentioned a cumulative amount of 280 grams over the span of approximately 18 months. D.E. 1 at 1; D.E. 24. McClees not only pled guilty to the individual amounts over the 18 month period, but also conceded his guilt to the conduct and cumulative amount of 280 grams or more in Counts I and V. D.E. 24. Further, there is no relevant authority to support his contention that only the largest single instance of possession within Count I can be used to calculate the ten-year statutory minimum sentence.[3] It was McClees's own admission to Count I, not a judicial finding of fact, which set the factual basis for the minimum statutory sentence. "Multiple acts of physical delivery which, though technically discrete, occur at essentially the same time, in the same place, and with the involvement of the same participants must be considered as a single 'offense' for purposes of punishment" under § 841(a). *United States v. Elliott*, 849 F.2d 886, 890 (4th Cir. 1988). Therefore, McClees's Sixth Amendment claims under *Alleyne* and *Mudbi* are meritless and should be dismissed.

E. **Misallocation of Prior Criminal History**

Relying on the Fourth Circuit's opinion in *Davis*, McClees claims that court officials violated his due process rights when they miscalculated his criminal history and special offense characteristics multiple times on the Presentence Investigative Report ("PSR"). D.E. 34-1 at 8–

---

[3] McClees cites numerous cases in his Memorandum in Support of his Motion to Vacate and in his Response in Opposition to the Government's Motion to Dismiss, but none of them offer support to this position. Rather, "the quantity of narcotics attributed to the defendant for purposes of determining the applicability of the mandatory minimum provisions of 21 U.S.C. § 841(b) is based only on specific offense of conviction conduct." *United States v. Bradley*, 581 F. App'x. 249, 252 (4th Cir. 2014) (citing *United States v. Darmand*, 3 F.3d 1578 (2d Cir. 1993)). Here, there is no conduct outside the offense of conviction used in determining the minimum; only conduct within Count I of the Indictment was considered in aggregating the 280 grams used to establish the ten year minimum sentence under 21 U.S.C. § 841(b)(1)(A).

11

10. His assertions of misallocation are incorrect. First, it bears noting that miscalculations of sentencing guideline are generally not grounds for habeas corpus relief. *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) ("[B]arring extraordinary circumstances, … an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Moreover, *Davis* has no bearing on this case because it held that a consolidated sentence counts as one felony for career offender enhancement under the § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.").[4] *Davis*, 720 F.3d at 216. No career offender enhancement applied to McClees's sentence computation, so *Davis* is irrelevant to his offense level or criminal history category. *See* D.E. 27.

Next, McClees asserts that paragraphs 26, 27, and 28 were consolidated in one sentence and should therefore be one point in total, not the three that were assessed. D.E. 34-1 at 9. Here, McClees fails to account for the impact of intervening arrests. These crimes were scored separately because, even though they were consolidated sentences, there were intervening arrests that warranted additional points. D.E. 27 at 12; U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."). Therefore, the court correctly assigned individual points to these paragraphs.

McClees next contends that paragraph 22 should have been assigned two points rather than three because the sentence was between 60 days and one year. D.E. 31 at 9. However, the Guidelines Manual states that "[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation." U.S.S.G. § 4A1.2(k). Here, the initial eight to ten

---

[4] The 2012 edition of the U.S.S.G Manual was used in this case. D.E. 27 at 21.

month sentence is added to the sentence imposed upon the revocation of probation on August 28, 2001, for a total of 16–20 months. Thus, the assessment of three points for paragraph 22 is correct. *Id.* § 4A1.1(a).

Additionally, McClees asserts that convictions 98CRS682 and 00CRS129 should be valued at two points rather than three, as they were combined sentences rather than separate sentences. D.E. 34-1 at 9. He argues that his probation violation under paragraphs 22 and 24 carried the same sentence of eight to ten months, and that it was served concurrently with the conviction in line 24. *Id.* However, McClees fails to take into account the addition of one point, up to a total of four points, for each prior sentence not counted under § 4A1.1(a) or (b) of the Guidelines. U.S.S.G. § 4A1.1(c). Thus, the addition of one point for the offense on paragraph 24 is correct.

Finally, McClees argues that paragraph 30 and 33 should be consolidated to two points rather than four, as he served the sentences concurrently. D.E. 34-1 at 9. This argument is also unpersuasive because the convictions in paragraphs 30 and 33 were separate sentences imposed at different times, rather than one consolidated sentence. D.E. 31 at 12–13. Therefore, the addition of four points for paragraphs 30 and 33 is appropriate. The claims made by McClees regarding the computation of his prior criminal history are meritless, untimely, and procedurally barred via his plea agreement waiver. Therefore, these claims should be dismissed.

### F. Ineffective Assistance of Counsel

McClees next claims that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of

13

counsel for his defense." U.S. Const. amend VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

McClees asserts that his counsel violated his Sixth Amendment rights by failing to challenge the aggregate figure of 280 grams or more of crack cocaine instead of his single largest instance of possession. D.E. 34-1 at 10. This increased his minimum mandatory sentence from five to ten years. *Id.* As discussed above, there is no authority that supports McClees's position that only the single largest instance of possession should have been used in the determination of his statutory minimum sentence. *See Elliott*, 849 F.2d at 890. Thus, his first claim fails on the merits. Even if *Davis* applied in the way in which McClees contends, his counsel cannot be faulted for failing to appeal on a legal basis which did not exist within his window to appeal the sentence. *Moss v. Ballard*, 537 F. App'x 191, 195 (4th Cir. 2013) (citing *United States v. McNamara*, 74 F.3d 514, 516–17 (4th Cir. 1996)). As McClees has not shown how his counsel failed to provide adequate legal assistance, his claim of ineffective assistance of counsel should be dismissed.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that the district court deny McClees's Motion to Vacate (D.E. 34) and grant the Government's Motion to Dismiss (D.E. 38).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall

have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: October 38, 2015

*Robert T Numbers II*

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE