IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:12-CR-11-FL-1
NO. 2:14-CV-29-FL

| | | |
|---|---|---|
| KENNETH CADWELL MCLEES, II, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 34), and the government's motion to dismiss, (DE 38), to which petitioner filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 54), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, and grants respondent's motion to dismiss.

**BACKGROUND**

On October 9, 2012, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced petitioner on March 7, 2013, to 120

months imprisonment on the drug conspiracy count and 60 months on the firearms count, to be served consecutively, producing a total term of 180 months.

Petitioner filed the instant § 2255 motion on June 9, 2014, asserting claims on the basis of Alleyne v. United States, 133 S.Ct. 2151 (2013); miscalculation of his guideline sentencing range; and ineffective assistance of counsel in failing to challenge drug quantity used for sentencing. The government moved to dismiss on the basis that the claims are untimely, barred by the waiver in petitioner's plea agreement, and without merit. The magistrate judge determined that petitioner's claims must be dismissed for all of those reasons.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized

2

by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

    1. Statute of limitations

Section 2255 claims are subject to a one-year statute of limitations, which runs from the

3

latest of –

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered.

Petitioner suggests, nonetheless, that Alleyne applies retroactively on collateral review, citing to a petition for certiorari in United States v. Rosga, 608 F. App'x. 166 (4th Cir. 2015). The petition for certiorari was denied, however, on November 2, 2015, see 136 S.Ct. 431, and courts in this circuit have uniformly held that Alleyne did not pronounce a new rule of substantive law retroactively applicable to cases on collateral review. See, e.g., United States v. Stewart, 540 F. App'x. 171, n* (4th Cir. 2013).

Petitioner argues that the court may correct an error in the presentence report at any time pursuant to Federal Rule of Criminal Procedure 32. That rule, however, permits objections to material information in the presentence report to be stated within 14 days after receiving a presentence report from the probation office. See Fed. R. Crim. P. 32(f)(1). Petitioner also suggests

4

through case law citation in his objections that the court also may correct an error in the presentence report at any time pursuant to Federal Rule of Criminal Procedure 36. That rule, however, permits correction only of "clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. It does not provide a vehicle for circumventing the statutory time limits for asserting substantive claims as here under § 2255.

Petitioner's citation to <u>Carpenter v. United States</u>, No. 1:01-CR-14-3, 2006 U.S. Dist. LEXIS 31066, *19-21 (N.D. W. Va. May 16, 2006) is inapposite. There, petitioner sought and obtained, pursuant to Rule 36, an addendum to the presentence report confirming that the court did not adopt a particular sentencing enhancement recommended in the presentence report. Here, petitioner seeks to have the court reconsider a drug quantity determination in the presentence report that was adopted by the court at sentencing. Neither § 2255 nor Rule 36 allows the court to correct the sentence on this basis over one year after the judgment became final.

In sum, petitioner's § 2255 motion must be dismissed as untimely, and the court thus need not reach the additional grounds for dismissal asserted by the government.

2. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

5

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 38) is GRANTED, and petitioner's motion to vacate, set aside, or correct sentence (DE 34) is DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of January, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge